UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-8946-DMG (SKx) | Date | December 12, 2022 |
|---|---|---|---|

| Title | *Lynda L. Wall CQV Trust v. Keith Knox* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER DENYING TRO AND TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION [1]**

On December 9, 2022, *pro se* Plaintiff Lynda L. Wall CQV Trust filed a motion styled an *Ex Parte* Motion for Emergency Restraining Order/Injunction/To Halt Unlawful Tax Sale Auction and With a Bill in Equity for Enforcement of the Awards and Recognition of Amounts Due as Creditor to the United States ("EPA"), seeking (a) to enjoin a tax sale auction and (b) to confirm an arbitration award, against Defendant Kenneth Knox in his official capacity as Treasurer and Tax Collector for the County of Los Angeles. [Doc. # 1.]

In filing the EPA, Plaintiff did not comply with Local Rule 7-19 of the United States District Court, Central District of California, which requires that parties applying for an order *ex parte* must make reasonable, good faith efforts to advise opposing counsel of the date and substance of the application, and advise the court in a sworn declaration of such efforts. C.D. Cal. L.R. 7-19, 7-19.1. In fact, it is unclear whether Defendant has even received notice of the EPA, since Plaintiff has not filed a proof of service. The Court therefore **DENIES** the EPA for failure to comply with Local Rule 7-19.

More importantly, it appears that this Court lacks subject matter jurisdiction over this case. Federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Plaintiff invokes this Court's diversity jurisdiction under 28 U.S.C. section 1332(a). But Lynda-Lee Wall, who signed the EPA on behalf of the Lynda L. Wall CQV Trust, appears to reside in Long Beach, California, and Defendant is an officer of the County of Los Angeles. It appears there is no diversity of citizenship between the parties, as is required for jurisdiction under 28 U.S.C. section 1332(a).

Plaintiff likewise does not assert any claims that arise under federal law. Although Plaintiff seeks to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. section 9, the FAA does not give rise to subject matter jurisdiction in federal courts, but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 22-8946-DMG (SKx) | Date | December 12, 2022 |
|---|---|---|---|
| Title | *Lynda L. Wall CQV Trust v. Keith Knox* | Page | 2 of 2 |

requires an independent jurisdictional basis. *See Hall Street Associates, LLC v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). Plaintiff does not assert any other basis for federal question jurisdiction.

Plaintiff is therefore **ORDERED** to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a response by no later than **December 30, 2022**. Failure to file a timely and satisfactory response will result in the dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**